J. H. BAYLISS–FREDERICK, Plaintiff

v.

TOP BANANA, INC., MIKE BELVEDERE AND
MARTIN GOLDBERG, Defendants

Civil No. 900-1974

J. H. BAYLISS–FREDERICK, Plaintiff

v.

TOP BANANA, INC., MIKE BELVEDERE, MARTIN GOLD-
BERG, VITALE PRODUCE, INC. and CHRIS
VITALE, Defendants

Civil No. 947-1974

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

September 23, 1975

HOFFMAN, *Judge*

## MEMORANDUM OPINION

These cases arise out of a number of misunderstandings by the parties about what is the normal method of doing business in the Virgin Islands and what the law requires of those who are involved in the sale of goods.

Sometime in October of 1974 the plaintiff ("Bayliss-Frederick") entered into an agreement with the defendant, Mike Belvedere ("Belvedere") who was acting on behalf of the defendant-corporation ("Top Banana"). The plaintiff, a barrister from St. Vincent, was seeking to find a retail outlet for produce from St. Lucia and St. Vincent in the Virgin Islands. Top Banana, a wholesale and retail produce dealer in St. Thomas, was seeking a reliable local alternative source for fresh produce, especially bananas and tropical fruits and vegetables. An agreement was struck—albeit a very nebulous agreement—whereby Belvedere agreed with Bayliss-Frederick to take a number of items (quantities to be determined later) at a price competitive with Santo Domingo prices. Some very broad "ballpark figures" were discussed as to the quantities Top Banana could use and the limits imposed by the size of the St. Thomas produce market. Belvedere also discussed the possibility of a business friend from St. Croix, defendant Chris Vitale ("Vitale") also placing orders with Bayliss-Frederick to enable Bayliss-Frederick (who was acting as his own shipper) to make the trip from down-island with a full or nearly-full cargo.

Bayliss-Frederick returned to St. Vincent. Belvedere did get Vitale to agree to accept one-half of the order which Belvedere placed with Bayliss-Frederick. After a number of telephone contacts between Bayliss-Frederick and Belvedere or Marty Goldberg, president of Top Banana, there

was an ostensible agreement as to the quantities of items which Bayliss-Frederick should deliver. Exactly what that agreement was is the crux of this case.

In the second week in November, Bayliss-Frederick arrived in St. Croix with a full cargo of produce. Cargo intended for Vitale was cleared through customs, off-loaded and delivered to Vitale. Vitale paid Bayliss-Frederick $100.00 on account and Bayliss-Frederick sailed for St. Thomas.

Upon arrival in St. Thomas, Bayliss-Frederick notified Top Banana of his arrival. After some delay in clearing customs, Goldberg arrived at the ship, cursorily inspected what items were most readily accessible and began to load the shipment into Top Banana's van. At first Goldberg was worried about the fact that it appeared that a number of items were missing. However, after several vanloads and a truckload had been off-loaded into Top Banana's premises, Goldberg and Mrs. Belvedere, who also worked at Top Banana, began to check the quantities and items received against what they were expecting. At this point they had not yet received a manifest or a bill from Bayliss-Frederick.

When Bayliss-Frederick delivered the bill, tempers flared. Mrs. Belvedere claimed that the shipment had too many of certain items, some items that had not been ordered and that some items were missing entirely. Bayliss-Frederick insisted that the quantities and prices were as agreed upon; he conceded that some items had perished on the journey, but that they had not been billed for. He returned to his ship.

Goldberg began returning the items he felt were in excess of Top Banana's order to dockside. The men on the ship, in Bayliss-Frederick's presence, refused to take any of the merchandise back onto the ship. Goldberg and his men left the merchandise on the apron along the dock.

Goldberg attempted to hand Bayliss-Frederick an envelope, which he testified contained a list of those goods which Top Banana accepted and a check in payment thereof. Bayliss-Frederick refused the envelope and advised Goldberg to take care of such matters with his lawyer. The next morning Bayliss-Frederick sailed from St. Thomas, leaving the merchandise to perish or be pilfered on the waterfront.

At this point, the Court should note that in Case No. 900-1974 defendant Top Banana admits liability in the amount of $1,590.00 (p. 8 of Defendant Top Banana's Memorandum dated July 22, 1975) and has already paid into the Registry of this Court the sum of $1,503.00 (Id.). Similarly, in Case No. 947-1974, defendant Chris Vitale admits owing the sum of $1,346.40 (Appearance dated April 22, 1974) and he has testified that he also has paid this amount into the Registry of the Court. (Defendant's Exhibit I.)

 In Case No. 947-1974, from the testimony of Vitale at trial and from Vitale's Memorandum (letter) dated July 15, 1975, the Court concludes that the difference in the sum offered by Vitale and the sum demanded by Bayliss-Frederick is said by Vitale to be due to a deduction made for spoiled merchandise. I find a total failure of proof in this regard and therefore conclude that the amount shown in Plaintiff's Exhibit 5 is the amount properly owed by Vitale to Bayliss-Frederick. Accordingly Judgment will be entered against Chris Vitale in the sum of $1,747.20 ($1,847.20 minus the $100.00 already paid on account). The Court also finds that Vitale Produce, Inc., having been served on April 10, 1975 through Chris Vitale, and having failed to answer, is in default. Accordingly, Judgment in the sum of $1,747.20 shall be entered against Vitale Produce, Inc. in Case No. 947-1974. The Court finds, however, no basis for liability against Top Banana, Inc., Martin

Goldberg or Mike Belvedere in Case No. 947-1974. Although Belvedere did assist Vitale in placing the order for produce with Bayliss-Frederick, I find the relationship to be nothing more than one of convenience to assist Bayliss-Frederick in reducing his shipping costs. Accordingly, in Case No. 947-1974, Judgment will be entered in favor of defendants, Top Banana, Inc., Mike Belvedere and Martin Goldberg.

█ In Case No. 900-1974, there are two broad factual areas to be resolved: 1) Was the refusal of the goods by Top Banana rightful? and 2) Even if Top Banana's refusal was rightful, was it properly and lawfully executed? A few preliminary matters should be dispensed with first: I find no basis whatsoever to hold defendants Mike Belvedere and Martin Goldberg personally liable for any of their actions which gave rise to this case. The evidence is uncontradicted that each and every action they took was not on their own behalf, but on behalf of their corporate employer, Top Banana, Inc. Accordingly Judgment will enter in favor of defendants Belvedere and Goldberg in Case No. 900-1974.

The evidence as to the quantities, items and prices ordered by Top Banana, Inc., is contradictory and not particularly strong one way or the other. On balance of all the evidence, however, I find the evidence and testimony presented by the defendant to be more credible. I find that the representations as to amounts ordered, amounts received and amounts returned by Top Banana to Bayliss-Frederick to be as set out in Defendant's Exhibit H. It is worthy to note that there is no essential difference in *price* as demanded by plaintiff and accepted by Top Banana *for the items accepted* by Top Banana.

█ Plaintiff contends that defendant had the opportunity to inspect the goods at the dock and did so inspect and further contends that by taking the shipment to Top Banana's premises effected an acceptance of the goods. Under

the circumstances of this case, we hold otherwise. We hold that if plaintiff had furnished a manifest to defendant's representatives at dockside, the rejection would have taken place there. Similarly, the testimony clearly showed that Goldberg only made a cursory inspection of the goods while they were still on the ship and that the physical limitations of the hold area made it impossible to conduct a thorough inspection at the ship. Lastly, I believe the testimony that no one from Top Banana hired the large truck that assisted in taking the goods from the waterfront to Top Banana—the implication is clear that plaintiff hired this truck. Under the circumstances I find it reasonable to allow Top Banana to make a final inspection before acceptance at Top Banana's premises. I find Top Banana's actions in compliance with 11A V.I.C. §§ 2—601(c) and 602(1).

■ Of the items returned by Top Banana, 10 lbs. of plantains were testified to have been already perished ("not for human consumption") and 285 lbs. of farine and 10 lbs. of peanuts were described as non-perishable and I so find and hold. With regard to these items, therefore, the extra burdens imposed on the rightfully rejecting buyer of perishable goods are not imposed. With regard to these items, I find that the defendant Top Banana more than fulfilled the provisions of 11A V.I.C. § 2—602(2)(b) by returning the items to plaintiff's ship.

One final item remains: the 245 lbs. of bananas returned by Top Banana. Bananas are a perishable commodity. 11A V.I.C. § 2—603(1) reads as follows:

(1) Subject to any security interest in the buyer (subsec. (3) of § 2—711), when the seller has no agent or place of business at the market of rejection a merchant buyer is under a duty after rejection of goods in his possession or control to follow any reasonable instructions received from the seller with respect to the goods and in the absence of such instructions to make reasonable efforts to sell them for the seller's account if they are perishable or threaten to

425

décline in value speedily. Instructions are not reasonable if on demand indemnity for expenses is not forthcoming.

 Defendant argues that this section does not apply in this case because of the limiting phrase "when the seller has no agent or place of business at the market of rejection." We are constrained to agree. Plaintiff's presence in the "market of rejection" in this case was surely fortuitous, probably due to the fact that his produce supplying business was in its trial stage. Nonetheless, we see no reason why, if the presence of a mere agent in the market of rejection relieves the buyer of his duty to sell perishable rejected goods on account, then the presence of the principal shouldn't have the same effect. Additionally, we do find it hard to impose such a strict duty to mitigate on the defendant, while the plaintiff, with the goods sitting right next to his boat, refuses to take back the rejected goods and sails off leaving the goods to spoil or be stolen.

Accordingly, I find no liability against the defendant Top Banana beyond the $1,590.00 which it admits.

Under the circumstances of this case, I am not going to make any award of attorneys' fees or costs. The parties will bear their own costs and attorneys' fees.

Let Judgments enter accordingly.

### JUDGMENT, CIVIL NO. 900-1974

This matter came on for a hearing on June 20, 1974. Plaintiff appeared in his own person and through his counsel, Charlotte L. Poole, Esq. Defendants Belvedere and Goldberg appeared in their own persons and also, as did the corporate defendant, Top Banana, Inc., through their counsel, Loud & Campbell (Frederick G. Watts, Esq. of counsel). The Court, having considered the evidence adduced at trial and the Memoranda submitted by counsel, and having entered this day its Memorandum Opinion in this matter, hereby:

ORDERS, ADJUDGES AND DECREES

1) That the plaintiff shall have and hereby has judgment against the defendant Top Banana, Inc. in the sum of $1,590.00.

2) That the plaintiff's action against the defendants, Mike Belvedere and Martin Goldberg, is hereby dismissed with prejudice.

It is so ordered.

## JUDGMENT, CIVIL NO. 947-1974

This matter came on for a hearing on June 20, 1974. Plaintiff appeared in his own person and through his counsel, Charlotte L. Poole, Esq. Defendants Belvedere and Goldberg appeared in their own persons and also, as did the corporate defendant, Top Banana, Inc., through their counsel, Loud & Campbell (Frederick G. Watts, Esq. of counsel). Defendant Chris Vitale appeared in his own person without counsel. Defendant Vitale Produce, Inc., failed to answer or appear and was found in default. The Court, having considered the evidence adduced at trial and the Memoranda submitted by counsel, and having entered this day its Memorandum Opinion in this matter, hereby:

ORDERS, ADJUDGES, AND DECREES

1) That the plaintiff shall have and hereby has judgment against the defendants, Chris Vitale and Vitale Produce, Inc. in the sum of $1,747.20.

2) That the plaintiff's action against the defendants, Top Banana, Inc., Mike Belvedere and Martin Goldberg is hereby dismissed with prejudice.

It is so ordered.